IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEREK ALLEN, LEANDRE BISHOP, and JOHN BURNS, individually and on behalf of all others similarly situated, | ) ) ) CASE NO. 4:20-cv-4139 |
| Plaintiffs, | ) ) **CLASS ACTION COMPLAINT** |
| v. | ) ) ) |
| VERTAFORE, INC., | ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

Plaintiffs Derek Allen, Leandre Bishop, and John Burns ("Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge of facts pertaining to themselves and on information and belief as to all other matters, by and through undersigned counsel, bring this Class Action Complaint against Defendant Vertafore, Inc. ("Vertafore" or "Defendant").

## NATURE OF THE ACTION

1. Plaintiffs bring this class action on behalf of themselves and approximately 27.7 million other individuals ("Class members") whose private and confidential information, including Texas driver's license numbers, as well as names, dates of birth, addresses and vehicle registration histories (collectively, "Driver's License Information") was knowingly stored by Vertafore on unsecured external servers and accessed by and disclosed to unauthorized third parties (the "Data Breach"). As a result of the Data Breach, Plaintiffs' and Class members' highly sensitive Driver's License Information was disclosed to criminals.

2. The acts of Vertafore, as described more particularly below, were in violation of the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, *et seq.* ("DPPA").

## PARTIES

3. Plaintiff Derek Allen is a citizen of the State of Texas, and resides in Houston, Texas. Since prior to February 2019, Allen has had a Texas driver's license.

4. Plaintiff Leandre Bishop is a citizen of the State of Texas, and resides in El Paso, Texas. Since prior to February 2019, Bishop has had a Texas driver's license.

5. Plaintiff John Burns is a citizen of the State of Texas, and resides in Plano, Texas. Since prior to February 2019, Burns has had a Texas driver's license.

6. Defendant Vertafore, Inc., is a Delaware corporation, and its principal place of business is located in Denver, Colorado.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this civil action arises under statutes of the United States, specifically the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq.*

8. The Court has personal jurisdiction over Vertafore, because Vertafore is authorized to do business and in fact does business in Texas, and Vertafore has sufficient minimum contacts with and otherwise intentionally avails itself of the markets in Texas through its promotion, marketing, and sale of its insurance technology products and services.

9. Venue properly lies in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims occurred in this judicial district and Plaintiff Allen resides in this judicial district.

## FACTUAL ALLEGATIONS

10. Vertafore is an insurance software company that provides enterprise software solutions, specifically management systems, content management and workflow, sales tools, compliance, rating, and comprehensive agency solutions.

11. On November 10, 2020, Vertafore—a self-described leader in modern insurance technology—announced that: (1) between March 11, 2020, and August 1, 2020, Vertafore caused Plaintiffs' and approximately 27.7 million Class members' Driver's License Information to be stored on unsecure external servers; and (2) Plaintiffs' and other Class members' Driver's License Information was disclosed to and accessed by unknown third parties.

12. Vertafore's notice provided:

Vertafore recently determined that as a result of human error, three data files were inadvertently stored in an unsecured external storage service that appears to have been accessed without authorization.

The files, which included driver information for licenses issued before February 2019, contained Texas driver license numbers, as well as names, dates of birth, addresses and vehicle registration histories.

13. Vertafore reported to the Texas Department of Motor Vehicles that the three data files that were compromised as a result of the Data Breach contained the Driver's License Information of Approximately 27.7 million people.

14. Vertafore has represented that it maintained the Driver's License Information of approximately 27.7 million Class members to support some of its insurance rating solutions.

15. When analyzing the background of the Data Breach, one commenter noted: "This breach is yet another example of a company leaving a server and critical information unsecured

without any protection, an unfortunate trend that has been the cause of many recent breaches." Tim Sandle, *Looking behind the Vertafore data breach*, Digital Journal (Nov. 21, 2020), http://www.digitaljournal.com/tech-and-science/technology/looking-behind-the-vertafore-data-breach/article/581178 (quoting Vinay Sridhara, CTO, Balbix).

16. Congress enacted the Driver's Privacy Protection Act to curb the dissemination of motor vehicle records in response to a series of crimes and abuses—most notably, the 1989 murder of actress Rebecca Schaeffer by an obsessed fan who obtained her address from the California department of motor vehicles.

17. As a result of Vertafore's violation of the DPPA, Plaintiffs' and Class members' privacy has been violated, their Driver's License Information is now in the hands of criminals, and they face a substantially increased risk of identity theft and identity fraud.

## CLASS ALLEGATIONS

18. Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this action individually and on behalf of the following class of individuals (the "Class"):

> All persons whose Texas driver's license information was stored by Vertafore on an unsecured external storage service online and accessed without authorization.

19. Excluded from the Class are Vertafore and its affiliates, officers, directors, assigns, successors, and the Judge(s) assigned to this case.

20. **Numerosity**: Because the Class is estimated to include more than 27.7 million individuals, joinder of all Class members is impracticable and the numerosity requirement is satisfied.

21. **Typicality**: Plaintiffs' claims are typical of Class members' claims. Plaintiffs and all Class members were injured through Vertafore's uniform misconduct—the storage of

4

their Driver's License Information on unsecured servers—and assert identical claims against Vertafore. Accordingly, Plaintiffs' claims are typical of Class members' claims.

22. **Adequacy**: Plaintiffs' interests are aligned with the Class as they seek to represent other similarly situated individuals and have retained counsel with significant experience in prosecuting complex class action cases, including cases involving alleged privacy and DPPA violations. Plaintiffs and their counsel intend to prosecute this action vigorously. The Class's interests are well-represented by Plaintiffs and their counsel.

23. **Superiority**: A class action is the superior—and only realistic—mechanism to fairly and efficiently adjudicate Plaintiffs' and other Class member's claims. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of complex and expensive litigation. It would be very difficult if not impossible for Class members individually to effectively redress Vertafore's wrongdoing. Even if Class members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

24. **Commonality and Predominance:** The following questions common to all Class members predominate over any potential questions affecting individual Class members:

- whether Vertafore engaged in the wrongful conduct alleged herein;
- whether Vertafore knowingly disclosed Plaintiffs' and other Class members' Driver's License Information for a purpose not permitted under the DPPA; and

- whether Plaintiffs and Class members are entitled to statutory damages and equitable relief and, if so, in what nature and amount.

25. Given that Vertafore has engaged in a common course of conduct as to Plaintiffs and the Class, identical injuries and statutory violations are involved, and common questions outweigh any potential individual questions.

## COUNT I

### Violation of the Driver's Privacy Protection Act

26. Plaintiffs reallege and incorporate all previous allegations as though fully set forth herein.

27. The DPPA, 18 U.S.C. § 2722(a), prohibits any person, organization, or entity from knowingly obtaining or disclosing "personal information, from a motor vehicle record, for a purpose not permitted under [§ 2721(b) of the DPPA]."

28. The DPPA defines "motor vehicle record" to mean "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 U.S.C. § 2725(1).

29. The DPPA defines "personal information" to mean "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

30. Vertafore knew Plaintiffs' and other Class members' Driver's License Information was obtained from the Texas Department of Motor Vehicles.

31. In violation of the DPPA, Vertafore knowingly disclosed the Driver's License

Information of Plaintiffs and approximately 27.7 million other Class members by storing that information on unsecured external servers.

32. In response to the commands of unauthorized individuals and consistent with the manner in which they were programmed and configured by Vertafore, the unsecure servers disclosed Plaintiffs' and Class members' Driver's License Information to the unauthorized individuals.

33. Pursuant to 18 U.S.C. § 2724(b), as a result of Vertafore's violation of the DPPA, Plaintiffs' and Class members are entitled to actual damages, but not less than liquidated damages in the amount of $2,500.

## PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of the Class, by and through undersigned counsel, respectfully request that the Court grant the following relief:

A. Certify this case as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and, pursuant to Fed. R. Civ. P. 23(g), appoint Plaintiffs as class representatives and their counsel as class counsel.

B. Award Plaintiffs and Class members actual and statutory damages to the maximum extent allowable;

D. Award Plaintiffs and Class members pre-judgment and post-judgment interest to the maximum extent allowable.

E. Award Plaintiffs and Class members reasonable attorneys' fees, costs, and expenses, as allowable.

F. Award Plaintiffs and Class members such other favorable relief as allowable under law or at equity.

Dated: December 4, 2020

        Respectfully submitted,

        /s/ Cory S. Fein
Cory S. Fein (Texas Bar No. 06879450)
**CORY FEIN LAW FIRM**
712 Main Street, Suite 800
Houston, TX 77002
(281) 254-7717
(530) 748 - 0601 (fax)
cory@coryfeinlaw.com

Ben Barnow (*pro hac vice to be filed*)
Erich P. Schork (*pro hac vice to be filed*)
Anthony L. Parkhill (*pro hac vice to be filed*)
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, Illinois 6060
Tel: (312) 621-2000
b.barnow@barnowlaw.com
e.schork@barnowlaw.com
aparkhill@barnowlaw.com

Benjamin F. Johns (*pro hac vice to be filed*)
Samantha E. Holbrook (*pro hac vice to be filed*)
Andrew W. Ferich (*pro hac vice to be filed*)
Alex M. Kashurba (*pro hac vice to be filed*)
**CHIMICLES SCHWARTZ KRINER**
  **& DONALDSON-SMITH LLP**
One Haverford Centre
361 Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
bfj@chimicles.com
seh@chimicles.com
awf@chimicles.com
amk@chimicles.com

*Counsel for Plaintiffs*