# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **Derek Allen, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL ACTION NO.  4:20-cv-04139** |
| **Vertafore, Inc.,** | |
| **Defendant.** | |

## REPLY BRIEF SUPPORTING DEFENDANT VERTAFORE INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND 12(b)(6)

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT. ............................ 1

II.     Plaintiffs' Complaint Fails to Allege Article III Standing. ..................................... 2

III.    Plaintiffs' Complaint Fails to Plead a Cognizable DPPA Claim. .......................... 8

     A.      The Complaint Fails to Allege That Vertafore Knowingly Obtained, Disclosed or Used the Data for an Impermissible Purpose. ......................... 9

     B.      The Complaint Does Not Adequately Allege That Vertafore "Knowingly Disclosed" Plaintiffs' Personal Information in Violation of the DPPA. ........................................................................................... 12

IV.     CONCLUSION. ................................................................................................ 18

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Artesanales v. Dow Quimica de Colombia S.A.*,
  988 F.2d 559 (5th Cir. 1993) ....................................................................... 15

*Berenguer v. Anoka Cty.*,
  889 F.3d 477 (8th Cir. 2018) ......................................................................... 6

*Bradix v. Advance Stores Co.*,
  No. 16-cv-4902, 2016 U.S. Dist. LEXIS 87368 (E.D. La. July 5, 2016) ..................... 3

*Collier v. Dickinson*,
  477 F.3d 1306 (11th Cir. 2007) ...................................................................... 5

*Condon v. Reno*,
  155 F.3d 453 (4th Cir. 1998) ......................................................................... 5

*DHX, Inc. v. Allianz AGF MAT, Ltd.*,
  425 F.3d 1169 (9th Cir. 2005) ...................................................................... 15

*Enslin v. Coca-Cola Co.*,
  136 F. Supp. 3d 654 (E.D. Pa. 2015) ....................................................... 11, 17

*Gordon v. Softech Int'l, Inc.*,
  726 F.3d 42 (2d Cir. 2013) .......................................................................... 16

*Hatch v. Demayo*,
  No. 1:16-CV-925, 2017 U.S. Dist. LEXIS 162017 (M.D.N.C. Sep. 29,
  2017) ......................................................................................................... 6

*In re Horizon Healthcare Servs. Data Breach Litig.*,
  846 F.3d 625 (3d Cir. 2017) ........................................................................... 7

*Kiminski v. Hunt*,
  No. 13-185, 2013 U.S. Dist. LEXIS 157829 (D. Minn. Sep. 20, 2013) .... 12, 13, 14, 17

*Maracich v. Spears*,
  570 U.S. 48 (2013) ...................................................................................... 13

*Miller v. City of East Mountain*,
  No. 2:17-cv-00496, 2019 U.S. Dist. LEXIS 95505 (E.D. Tex. Feb. 6,
  2019) ................................................................................................... 10, 17

*Muransky v. Godiva Chocolatier, Inc.*,
    979 F.3d 917 (11th Cir. 2020) ................................................................. 6, 7

*Muskovich v. Crowell*,
    No. 95-CV-20007, 1996 U.S. Dist. LEXIS 22634 (S.D. Iowa Aug. 30,
    1996) ............................................................................................................ 17

*Pichler v. Unite*,
    542 F.3d 380 (3d Cir. 2008).................................................................. 11, 15

*Rasmusson v. Chisago County*,
    991 F. Supp. 2d 1065 (D. Minn. 2014) ........................................................ 6

*Rodriguez v. Ampco Parking Sys.*,
    No. C09-1789, 2010 U.S. Dist. LEXIS 163835 (W.D. Wash. Apr. 8,
    2010) .............................................................................................................. 8

*Roth v. Guzman*,
    650 F.3d 603 (6th Cir. 2011) ...................................................................... 16

*Russell v. Choicepoint Services, Inc.*,
    302 F. Supp. 2d 654 (E.D. La. 2004) ........................................................... 8

*Senne v. Vill. of Palatine*,
    695 F.3d 597 (7th Cir. 2012) ......................................................... 11, 14, 15

*Sistrunk v. Titlemax, Inc.*,
    No. 5:14-cv-628, 2017 U.S. Dist. LEXIS 131241 (W.D. Tex. Aug. 17,
    2017), ........................................................................................................... 15

*Taylor v. Acxiom Corp.*,
    612 F.3d 325 (5th Cir. 2010) ............................................................. *passim*

*Thole v. U.S. Bank N.A.*,
    140 S. Ct. 1615 (2020) .................................................................................. 6

*Tsao v. Captiva MVP Rest. Partners, LLC*,
    No. 18-14959, 2021 U.S. App. LEXIS 3055 (11th Cir. Feb. 4, 2021) .......... 3

*United States v. Kaluza*,
    780 F.3d 647 (5th Cir. 2015) ...................................................................... 14

*Westerngeco L.L.C. v. ION Geophysical Corp.*,
    No. 4:09-cv-1827, 2011 U.S. Dist. LEXIS 91326 (S.D. Tex. Aug. 15,
    2011) ............................................................................................................ 16

*Whitaker v. Appriss, Inc.*,
   229 F. Supp. 3d 809 (N.D. Ind. 2017) ............................................................................ 6

*Wiles v. Ascom Transp. Sys.*,
   478 F. App'x 283 (6th Cir. 2012) ................................................................................... 5

**Statutes**

18 U.S.C. § 2721 ..........................................................................................*passim*

18 U.S.C. § 2723(a) ................................................................................................ 14

18 U.S.C. § 2724 ............................................................................................ 11, 13

**Other Authorities**

Black's Law Dictionary 1493 (11th ed. 2019) ................................................ 16

Fed. R. Civ. P. 12(b)(1) ............................................................................................ 1

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 1, 10

Vertafore, Inc. ("Vertafore") respectfully submits this Reply supporting its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## I.  INTRODUCTION AND SUMMARY OF THE ARGUMENT.

As set forth in Vertafore's Motion to Dismiss ("Motion"), Plaintiffs Derek Allen, Leandre Bishop and John Burns (collectively, "Plaintiffs"), filed their Complaint against Defendant Vertafore, Inc. ("Vertafore") on December 4, 2020.  Plaintiffs allege that Vertafore, an insurance software and support organization, violated the federal Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.*, by inadvertently temporarily storing files containing Texas driver information on unsecured external servers as part of its insurance support business.  Plaintiffs assert a single claim against Vertafore under the DPPA, and seek tens of billions of dollars in liquidated damages as "compensation" for their speculative and conjectural claim of being at an "increased risk of identity theft and identity fraud."

As noted in the Motion, **Vertafore is unaware of** (and Plaintiffs' Opposition fails to cite) **any federal court decision that applies the DPPA under facts comparable to this case**.  The reason for this total absence of precedent is simple: the DPPA was neither drafted nor intended to impose liability on defendants for data events, like the one alleged here.  It remains undisputed that, as alleged in the Complaint: 1) Vertafore is an insurance support organization—an organization expressly <u>permitted</u> to obtain, disclose and use the data at issue here; 2) Vertafore did <u>not</u> knowingly obtain, disclose or use the data for a non-permitted purpose; and 3) Plaintiffs merely allege the speculative possibility of future harm—not the concrete injury-in-fact which is needed for standing in federal court.

- 1 -

Vertafore has moved to dismiss based on lack of standing, and failure to allege a viable DPPA claim.  First, Vertafore's Motion demonstrated that Plaintiffs lack standing because their speculative alleged injuries are merely an "increased risk of identity theft and identity fraud," Compl. ¶17, which the majority of courts within the Fifth Circuit and elsewhere have held are inadequate to establish Article III standing.  Plaintiffs rely on the fact that the Complaint contains a DPPA claim as somehow salvaging their lack of standing, but their reliance is misplaced, as shown below.

Second, and independently requiring dismissal, Vertafore's Motion established that Plaintiffs fail to plead a cognizable DPPA claim.  Tellingly, Plaintiffs' Opposition does not address the substance of Vertafore's arguments.  Nor does it acknowledge that the same result reached in other DPPA litigations involving Plaintiffs' counsel—dismissal of legally insufficient claims that distort the plain meaning of the DPPA—should apply here.  To hold otherwise would be contrary to Congress' intent, and would impede crucial and legitimate government and business efforts involving the permissible obtaining, disclosure and use of personal information.

## II.   PLAINTIFFS' COMPLAINT FAILS TO ALLEGE ARTICLE III STANDING.

Vertafore's Motion established that the Complaint should be dismissed for failure to adequately allege Article III standing, consistent with Supreme Court precedent and case law from this Circuit.  Mot. at 9-13.  The Complaint references the fact that a leading consulting firm investigated the data event, and did not identify any information misuse.  Neither the Complaint nor the Opposition alleges that any of the named Plaintiffs have

- 2 -

suffered any identity theft or identity fraud.  As explained in the Motion, the Supreme Court's ruling in *Clapper v. Amnesty Int'l USA* controls here.  *See* 568 U.S. 398, 409 (2013) (stating that Article III standing "cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes--that the injury is *certainly* impending") (quotation omitted) (emphasis in original).  **Absent allegations of actual identity theft or actual fraud, the increased risk of such harm alone is <u>not</u> sufficient to satisfy Article III standing**.  Mot. at 11 (*citing Clapper v. Amnesty Int'l USA*, *supra*, at 422, and numerous additional cases).  Courts in the Fifth Circuit considering data events (and the majority of courts outside the Fifth Circuit), dismiss cases for lack of standing absent allegations of <u>actual</u> identity theft or <u>actual</u> fraud.  *See* Mot. at 11-12 (collecting cases).[1]

Plaintiffs do not (and cannot) dispute that district courts within the Fifth Circuit have dismissed cases for lack of standing under facts comparable to this litigation.  *Id.*[2]  Trying to ignore all of this precedent involving similar facts that requires dismissal, Plaintiffs' Opposition attempts circular logic, and seeks to use the DPPA (which has no application

---

[1] Just last month the Eleventh Circuit joined this Circuit, and the majority of other courts, in holding that "[e]vidence of a mere data breach does not, standing alone, satisfy the requirements of Article III standing."  *Tsao v. Captiva MVP Rest. Partners, LLC*, No. 18-14959, 2021 U.S. App. LEXIS 3055, at *15 (11th Cir. Feb. 4, 2021) (emphasis supplied).

[2] The Complaint here cannot validly be distinguished from other cases dismissed for lack of standing when it was alleged that plaintiffs' privacy was violated and they were at future risk of identity theft because of a data event.  *Compare, e.g.* Compl. ¶17 (alleging that Plaintiffs are at future risk of identity theft and identity fraud) *with Bradix v. Advance Stores Co.*, No. 16-cv-4902, 2016 U.S. Dist. LEXIS 87368, at *10 (E.D. La. July 5, 2016) (dismissing case for lack of standing when plaintiff alleged the risk of speculative future harm).

here, as discussed below) as a talisman that is somehow capable of transforming what is a data breach case into a case involving a "statutory violation" that they claim affords standing in-and-of-itself.    Plaintiffs' efforts are misplaced, however, because they misconstrue the case law on standing where Congress has provided for a private cause of action.  The Complaint's inclusion of a claim under the DPPA does <u>not</u> cure their failure to adequately allege Article III standing, as shown by the Supreme Court's ruling in *Spokeo, Inc. v. Robins,* and the rulings of other federal courts.  136 S. Ct. 1540, 1549 (2016).

In *Spokeo*, the Supreme Court affirmed that a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  *Id.* at 1549 (analyzing standing in context of claim under the Fair Credit Reporting Act of 1970 ("FCRA")).  The Supreme Court's analysis emphasized the requirement that an injury-in-fact sufficient for purposes of Article III standing must be "concrete *and* particularized."  *Id.* at 1548 (emphasis in original).  As the Court explained, "[a] 'concrete' injury must be '*de facto*'; that is, it must actually exist."  *Id.* (emphasis in original).  To assess whether an intangible injury is sufficient for purposes of Article III standing, the Court in *Spokeo* considered two criteria: 1) "whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts," and 2) Congressional judgment.  *Id.* at 1549.  Here, both of the *Spokeo* criteria support the conclusion that Plaintiffs lack Article III standing.

First, federal courts have consistently dismissed constitutional privacy claims in all but the most extreme instances, and the disclosure of driver's license information does not satisfy this high standard.  As another district court explained when considering a challenge to the DPPA in *Travis v. Reno*:

> **There is no constitutional right to privacy in the disclosure of [information protected under the DPPA] because there is no legitimate expectation of confidentiality regarding it**.  One's name, address and telephone number are available to anyone with a phone book . . . **Driver identification** . . . **numbers are disclosed regularly, usually when cashing a check, applying for credit or in any situation in which an individual must produce a driver's license** . . . the level of confidentiality between individuals and their doctors and accountants and the sensitivity of information entrusted to these professionals is not on par with the type of transactions engaged in with supermarket cashiers and others who are frequently on the receiving end of information subject to the [DPPA].

12 F. Supp. 2d 921, 925 (W.D. Wis. 1998) (emphasis supplied), *rev'd on separate grounds*, 163 F.3d 1000 (7th Cir. 1998).  Several federal Circuit Courts have ruled similarly.  *See, e.g., Collier v. Dickinson*, 477 F.3d 1306, 1308 (11th Cir. 2007) (ruling that an alleged release of driver's license data did not give rise to a constitutional invasion of privacy claim); *Condon v. Reno*, 155 F.3d 453 (4th Cir. 1998) (noting that neither the Supreme Court nor the Fourth Circuit has recognized a right to privacy in information protected under the DPPA).[3]

---

[3] Consistent with this precedent, courts have held that plaintiffs have no reasonable expectation of privacy in personal information regulated by the DPPA as the statute itself expressly "authorizes the disclosure of the personal information."  *Wiles v. Ascom Transp. Sys.*, 478 F. App'x 283, 294 (6th Cir. 2012); *see also Rasmusson v. Chisago County*, 991 F. Supp. 2d 1065, 1068 (D. Minn. 2014) (holding that alleged disclosure of driver's license information could not support common law invasion of privacy claim and dismissing common law privacy and DPPA claims).  Moreover, in any event, courts historically have not allowed claims for permissibly using or disclosing information that was lawfully

Second, the fact that Congress included the possibility of a limited private right of action in the DPPA does not support Plaintiffs' standing here. *See* Opp. at 8. In *Spokeo*, the Court acknowledged that Congress may "elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." 136 S. Ct. at 1549 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). However, the Court cautioned that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1548-49. This is because "**Congress cannot erase Article III's standing requirements by statutorily granting the right to sue**." *Id.* at 1547-48 (emphasis supplied).[4]

---

obtained, as is the case here. Thus, the DPPA does not have a "close relationship" to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts. *See Spokeo*, 136 S. Ct. at 1549. The three cases Plaintiffs cite do not show otherwise. *See Berenguer v. Anoka Cty.*, 889 F.3d 477 (8th Cir. 2018) (holding district court properly dismissed complaint that failed to allege impermissible purpose under the DPPA); *Whitaker v. Appriss, Inc.*, 229 F. Supp. 3d 809 (N.D. Ind. 2017); *Hatch v. Demayo*, No. 1:16-CV-925, 2017 U.S. Dist. LEXIS 162017 (M.D.N.C. Sep. 29, 2017).

[4] *See also Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620-21 (2020) (stating that "[t]his Court has rejected the argument that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right'" and holding plaintiff lacked Article III standing) (quoting *Spokeo*, 136 S. Ct. at 1549); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 923-24 (11th Cir. 2020) ("At the heart of this case is one question: whether the judiciary must assume that whenever Congress creates a legal entitlement, any violation of that entitlement causes a concrete injury . . . even considering the welter of standing doctrines that can clutter our analysis, we know one thing to be true—alleging a statutory violation is not enough to show injury-in-fact.") (emphasis supplied). Notably, although *Muransky* involved litigation under the Fair Credit Reporting Act ("FCRA"), the Eleventh Circuit reached the opposite result of the Third Circuit in *In re Horizon Healthcare Servs. Data*

- 6 -

Moreover, Plaintiff's circular standing argument also fails because it is based on a house of cards. The fact that the DPPA contains a potential private right of action in some circumstances is of no consequence here because, as in *Mulvey v. Allstate Ins. Co.*, the Complaint does not adequately plead a violation of the DPPA. *See* No. 3:18-cv-1271, 2018 U.S. Dist. LEXIS 204804, at *5-7 (N.D. Tex. Dec. 4, 2018). Like the plaintiff in *Mulvey*, Plaintiffs were required to (but could not) allege that their "own information was knowingly obtained [, disclosed or used ] by Defendant for an impermissible purpose." *Id.* at *6 (emphasis supplied). While Plaintiffs express concern about their "personal privacy" and the security of their personal information (as did the plaintiff in *Mulvey*), they do not adequately allege a violation of the DPPA—as further shown in the following section of this Reply. *Id.*

As noted in the Motion, Plaintiffs are unable to cite a single decision applying the DPPA in the context of a data event, as the DPPA was not drafted or intended to be a data breach statute. A civil violation of the DPPA for purposes of this litigation would require a **knowing** obtainment, disclosure or use of driver's information by Vertafore **for an improper purpose**. Plaintiffs do not (and cannot) allege this. Mot. at 13-21; *see also Russell v. Choicepoint Services, Inc.*, 302 F. Supp. 2d 654, 670-71 (E.D. La. 2004) (granting defendant's motion to dismiss DPPA claim where there was no adequate

---

*Breach Litig.*, 846 F.3d 625 (3d Cir. 2017), upon which Plaintiffs rely. This underscores that in *Spokeo* the Court left to be later addressed "the full reach of congressional power to elevate a procedural violation into an injury in fact." *Id.* at 638.

allegation of an impermissible use by defendant, and finding that plaintiffs had not shown "injury in fact" and thus had no standing).[5]

In short, *Mulvey's* reasoning controls here. *See* 2018 U.S. Dist. LEXIS 204804, at *5-7. Plaintiffs' allege a data breach case without any actual harm, and have not adequately pled a DPPA claim in any event. Plaintiffs have not shown that they have a concrete injury-in-fact, and have failed to meet their burden to establish Article III standing. Even were this a true DPPA case (and it is not, as shown further below), Plaintiffs still have not met the standing requirement set forth in the applicable case law, because the mere existence of a private right to sue does not itself create a concrete injury-in-fact.

## III.  PLAINTIFFS' COMPLAINT FAILS TO PLEAD A COGNIZABLE DPPA CLAIM.

Vertafore's Motion established that the Complaint does not adequately allege a DPPA claim for at least two independently sufficient reasons. First, Plaintiffs do not plead that Vertafore obtained, disclosed or used the data at issue for an **impermissible purpose** under 18 U.S.C. § 2721(b). Second, Plaintiffs fail to plead that Vertafore's **inadvertent** temporary storage of information on an unsecured external server as part of its insurance support business constituted a "knowing disclosure" of their personal information under the DPPA. *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 335 (5th Cir. 2010). Each of these

---

[5] *See also Rodriguez v. Ampco Parking Sys.*, No. C09-1789, 2010 U.S. Dist. LEXIS 163835, *7-8 (W.D. Wash. Apr. 8, 2010) ("Plaintiffs allege that they have standing because Defendants impermissibly obtained their personal information protected by the DPPA. As discussed above, <u>Plaintiffs have not sufficiently alleged</u> that Ampco or any of the Defendants obtained their information for <u>an impermissible purpose</u>. Plaintiffs have therefore failed to alleged sufficient injury in fact (an injury to a right protected by the DPPA), as required by Article III.") (emphasis supplied).

fundamental pleading flaws (which are not refuted by Plaintiffs' Opposition), independently requires dismissal of the Complaint, consistent with DPPA precedent from the Fifth Circuit, and numerous other federal courts. *See* Mot. at 13-20.

As noted above, Plaintiffs' Opposition seeks to pretend their Complaint alleges something it does not: a case in which Vertafore acted knowingly with an impermissible purpose to obtain, disclose, or use data protected under the DPPA. Because Plaintiffs do not (and cannot) allege these essential elements of their claim, their Complaint should be dismissed.

### A.   The Complaint Fails to Allege That Vertafore Knowingly Obtained, Disclosed or Used the Data for an Impermissible Purpose.

Abundant case law from the Fifth Circuit establishes that for a viable DPPA claim it must be alleged that the defendant's obtainment, disclosure or use of drivers' information was **for a purpose not permitted** under 18 U.S.C. § 2721(b). For example, in *Taylor*, 612 F.3d at 335, the Fifth Circuit held that "[t]he plain meaning of the third factor is that it is *only* satisfied if shown that obtainment, disclosure, or use was not for a purpose enumerated under § 2721(b)." *Id.* (emphasis in original). Instead of meeting the required standard, however, Plaintiffs rely on strawmen arguments that fail to withstand Vertafore's Motion.

Significantly, Plaintiffs concede that Vertafore is an insurance software and support organization, and they "do not contest Vertafore's reason for obtaining their Driver's License Information from the Texas DMV." Opp. at 10. Accordingly, it remains undisputed that Vertafore's reason for obtaining and using the data was for the permissible

purpose of supporting Vertafore's insurance rating business.[6]  Similarly, Plaintiffs do not (and cannot) allege that Vertafore's temporary storage of the same data on an external server as part of its business use was for any other purpose than the underline permissible one for which the data was obtained in the first place.  *See* 18 U.S.C. § 2721(b)(6); Compl. ¶¶10-11.

Simply put: **Plaintiffs concede that they do not (and cannot) allege that Vertafore had an impermissible purpose** as required to be actionable under the DPPA. *See id.*  Plaintiffs cannot evade this fundamental and fatal error.[7]  Entirely absent from the Complaint is any allegation that **Vertafore knowingly** obtained, disclosed or used drivers' information **for an impermissible purpose**.  *See* 18 U.S.C. § 2721(b); *Miller v. City of East Mountain*, No. 2:17-cv-00496, 2019 U.S. Dist. LEXIS 95505, at *3-4 (E.D. Tex. Feb. 6, 2019) (dismissing DPPA claim under Rule 12(b)(6) when plaintiff failed to allege "impermissible purpose" element).[8]  As Fifth Circuit cases make clear, the DPPA's focus

---

[6] *Compare* Compl. ¶¶10-11, Ex. A ("[t]he files were maintained to support a specific product within Vertafore's insurance rating solutions") *with* 18 U.S.C. § 2721(b)(6) (DPPA provision permitting "use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting").

[7] As noted above, the Complaint references the fact that a leading consulting firm investigated the data event, and did not identify any information misuse.  Plaintiffs' speculation in the Opposition that "Driver's License Information was disclosed to unauthorized individuals—i.e., cybercriminals" conjectures about red herrings, and is irrelevant for purposes of Vertafore's Motion to Dismiss.  *See id.*, Opp. at 11.  Plaintiff's speculation about potential third-party purposes or actions does not go to Vertafore's purpose in obtaining and using the data.

[8] Plaintiffs' reliance on *Pichler v. Unite* in support of their "impermissible purpose" DPPA argument is misplaced.  542 F.3d 380, 396 (3d Cir. 2008).  Among other reasons, there the

- 10 -

is on the <u>defendant's purpose</u> for obtaining, disclosing or using drivers' information.  Here, **there is no allegation that Vertafore's purpose was for anything other than its lawful insurance ratings support business—a purpose expressly permitted under the DPPA**.

Plaintiffs cannot validly distinguish Vertafore's cases, which show that other Fifth Circuit courts have dismissed at the pleadings stage similarly inadequate DPPA claims.  *See* Opp. at 12-13.  For example, Plaintiffs seek to distinguish *Budri v. FirstFleet Inc.*, but Plaintiffs cannot dispute that there the court dismissed a DPPA claim when the plaintiff failed to meet his obligation to plead an impermissible purpose by the defendant under the DPPA.  No. 3:19-cv-0409, 2019 U.S. Dist. LEXIS 188251, at *39-40 (N.D. Tex. Sep. 20, 2019).  The same result should be applied here.  The plain language of the statute, 18 U.S.C. § 2724, is clear: "A person who <u>knowingly</u> obtains, discloses or uses personal information, from a motor vehicle record, <u>for a purpose not permitted</u> under this chapter [18 USCS §§ 2721 *et seq.*] shall be liable to the individual to whom the information pertains."  (emphasis supplied).[9]

---

allegation was that the Union obtained drivers' information for the impermissible purpose of union organizing.  *See id.*  Here, no such improper purpose by Vertafore is alleged.  As discussed at infra §III.B, the *Taylor*, *Enslin v. Coca-Cola Co.* and *Senne v. Vill. of Palatine* decisions support Vertafore's position, not Plaintiffs'.  *See Taylor*, 612 F.3d at 335; *Senne v. Vill. of Palatine*, 695 F.3d 597 (7th Cir. 2012); *Enslin v. Coca-Cola Co.*, 136 F. Supp. 3d 654 (E.D. Pa. 2015).

[9] Nor is *Welch v. Theodorides-Bustle* applicable to this dispute.  77 F. Supp. 2d 1283 (N.D. Fla. 2010).  There, it was alleged that defendants disclosed plaintiffs' information in bulk to a third-party without a permissible purpose, and that the third-party then posted plaintiff's information on the internet.  *Id.* at 1286.  There is no such impermissible purpose by the defendant alleged here.  To the contrary, Vertafore's purpose in obtaining, storing and using the data was the permissible purpose of insurance support.  *See Kiminski v. Hunt*, No. 13-185, 2013 U.S. Dist. LEXIS 157829, at *21 (D. Minn. Sep. 20, 2013) (discussing

- 11 -

Accordingly, dismissal is required, as Plaintiffs do not (and cannot) allege that Vertafore had an impermissible purpose for its obtaining, disclosure or use of the data involved.  *See Taylor*, 612 F.3d at 335.

### B. The Complaint Does Not Adequately Allege That Vertafore "Knowingly Disclosed" Plaintiffs' Personal Information in Violation of the DPPA.

Neither Plaintiffs' Complaint nor their Opposition adequately address the second independent ground for dismissal for failure to state a DPPA claim.  Plaintiffs' Opposition mischaracterizes the plain language of the DPPA and Vertafore's Motion, which established as a separate ground for dismissal that the Complaint fails to adequately allege that Vertafore "knowingly disclosed" Plaintiffs' personal information.  Under the facts alleged by Plaintiffs, there was no violation of the DPPA from a Vertafore employee's inadvertent and temporary storage of data files on a third-party server.  Compl. ¶¶ 12, 31.

Plaintiffs create a strawman "double-knowledge" argument that mischaracterizes Vertafore's position.  Some cases have held that ignorance of the law is no defense, and a defendant does not need to know that their intended purpose is not one of the permitted purposes listed in the DPPA.  But that has no application here, because it is undisputed that Vertafore is an insurance support organization whose sole purpose in obtaining, disclosing or using the data was for the <u>permitted</u> purpose of insurance software, rating and support.

---

DPPA's limited private right of action, and observing that the provision requires an "affirmative act" expressly "for an impermissible purpose," and as such, "to state a claim based on the act of giving Defendant Hunt database access, the complaint would need to allege that the State Defendants gave him database access *for* purposes of his intended misuse.") (emphasis in original).

Stated another way, the listed permitted uses set forth at 18 U.S.C. Section 2721(b) are a safe harbor—so long as **a defendant's purpose** in obtaining, disclosing or using the personal information was one of the listed permitted purposes (as it was for Vertafore here—insurance support purposes) there is **no** liability under the statute.  In enacting the DPPA, Congress balanced the numerous legitimate and essential business and governmental uses of drivers' information that benefit individuals (here, by making competitive rates on auto insurance readily available to members of the public).  *See Maracich v. Spears*, 570 U.S. 48, 82 (2013) (citing to Congressional record regarding DPPA's passage).  If a defendant **knowingly** obtained, disclosed or used personal information, as defined in the statute, **for one of the fourteen enumerated permissible purposes**, then the defendant has **no** DPPA liability.  *See* 18 U.S.C. § 2724(a); 18 U.S.C. § 2721(b).  Here, it is undisputed that Vertafore had a permissible purpose for its use of the information.

In *Kiminski*, *supra*, the court dismissed plaintiff's DPPA claim with persuasive reasoning that applies here, as Plaintiffs are in essence arguing that Vertafore was **negligent** in inadvertently and temporarily storing files on an unsecured external server (**not** alleging that Vertafore **knowingly** disclosed their data for an improper purpose).  *See* 2013 U.S. Dist. LEXIS 157829, at *24; Comp. ¶12.  In *Kiminski*, the court contrasted the DPPA's "circumscribed" private right of action with a comparable provision of the Internal Revenue Code ("IRC") which "explicitly allows for a civil action for knowing or negligent disclosures of confidential information."  *Id*. at *24 (observing that the IRC allows for a civil action for damages by a taxpayer, when a specified individual "*knowingly, or by*

- 13 -

*reason of negligence*, inspects or discloses any return or return information" about the taxpayer in violation of the applicable provision") (quoting 26 U.S.C. § 7431(a)) (emphasis in original).   The court found that this distinction was compelling evidence "of congressional intent about the knowledge requirement for the DPPA [private right of action]," which "**may not be stretched to the point of rewriting it**" such that it would impose liability on individuals who acted in a "negligent manner." *Id.* at *23-24 (emphasis supplied).   Because the same flaw underscores Plaintiffs' DPPA claim, it should likewise be dismissed. [10]   *See id.*

In support of their contorted (and incorrect) reading of the DPPA, Plaintiffs cite two cases outside of the Fifth Circuit, *Senne v. Vill. of Palatine*, 695 F.3d 597 (7th Cir. 2012) and *Pichler v. Unite*, 542 F.3d 380 (3d Cir. 2008), but neither the facts nor the reasoning of these cases apply here.   *See Pichler*, 542 F.3d at 384 (union members violated the DPPA when they used license plate numbers on cars found in employer's parking lots to access information in motor vehicle records for the purpose of soliciting member support); *Senne*,

---

[10] *Kiminski* relied on a plain reading of the DPPA, but this approach is also consistent with the Fifth Circuit's comment in *Taylor* that "[18 U.S.C. § 2723(a) makes knowing violation of the DPPA a crime, and accordingly <u>to the extent that violation of the DPPA is at issue in even a civil case, to the extent of ultimate ambiguity in the statute's meaning it must be construed under the rule of lenity</u>." *Id.* at 332 n. 5.  *See also*, *United States v. Kaluza*, 780 F.3d 647, 669 (5th Cir. 2015) (quotations omitted) ("The rule of lenity requires ambiguous criminal laws to be <u>interpreted in favor of the defendants</u> subjected to them.   The rule vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed.").   In short, the plain language of the DPPA requires dismissal of the Complaint.   To the extent, however, the Court finds the text of the DPPA is ambiguous, then under Fifth Circuit precedent it should construe any ambiguity in favor of Vertafore. *See id.*

- 14 -

695 F.3d at 603 (Village official's intentional placement of driver's information on car windshield in plain view on public roadway survived a motion to dismiss, but case was later dismissed as a matter of law).[11]

In both cases, the defendants argued that they were not liable under the DPPA because they did not know that their own use of the drivers' information was for an improper purpose. *Id.* In other words, they raised "ignorance of the law" as a defense to liability, and the *Senne* and *Pichler* courts rejected this argument. *Senne* and *Pichler* have no relevance here, as Vertafore is <u>not</u> arguing "ignorance of the law" as a defense. However, the DPPA's plain language does require for a viable complaint that <u>the defendant's</u> known "**purpose**" was not for one of the permitted purposes (whether or not the defendant knew of the DPPA at all). Since it remains undisputed here that <u>Vertafore's purpose</u> in temporarily storing the data on the third party server as part of Vertafore's insurance support activities was an expressly <u>permitted</u> purpose, there is no viable DPPA claim.[12]

---

[11] Plaintiffs cite the vacated decision of *Sistrunk v. Titlemax, Inc.*, No. 5:14-cv-628, 2017 U.S. Dist. LEXIS 131241 (W.D. Tex. Aug. 17, 2017), *vacated by Sistrunk v. Titlemax, Inc.*, No. 5:14-cv-628, 2018 U.S. Dist. LEXIS 64589, at *12 (W.D. Tex. Feb. 22, 2018). *Sistrunk* is readily distinguishable, as it involved alleged violations of DPPA by the defendant for the impermissible purpose of soliciting customers. Moreover, while Plaintiffs cite a Ninth Circuit case, *DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1175-76 (9th Cir. 2005), for the assertion that vacated decisions still carry precedential weight, Opp. at 15, this is <u>not</u> the law in the Fifth Circuit. *See Asociacion Nacional de Pescadores a Pequena Escala o Artesanales v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993) (noting that in the Fifth Circuit, a vacated decision has no precedential weight).

[12] *See Westerngeco L.L.C. v. ION Geophysical Corp.*, No. 4:09-cv-1827, 2011 U.S. Dist. LEXIS 91326, *21 (S.D. Tex. Aug. 15, 2011) ("[U]nless otherwise defined, words will be

Vertafore's position is supported by precedent from the Fifth Circuit. The Fifth Circuit in *Taylor* expressly stated that "the totality of the [DPPA's] legislative history clearly reflects that **Congress did not intend to suppress legitimate business uses of motor vehicle records**." 612 F.3d at 336 (emphasis supplied)[13]. The Fifth Circuit also noted that Congressman James P. Moran, the sponsor of the DPPA in the House, in his statement on the DPPA before the House Judiciary Subcommittee on Civil and Constitutional Rights, explained that "[c]areful consideration was given to the common uses now made of this information and great efforts were made to ensure that those uses were allowed under this bill," specifically mentioning insurance companies as among those businesses protected. *Id.* (citing 40 Cong. Rec. H 2518-01). In light of this clear legislative history, the Fifth Circuit rejected the *Taylor* plaintiffs' "reading of the DPPA [as it] leads to essentially absurd results." 612 F.3d at 337; *see also Miller v. City of East Mountain*, No. 2:17-cv-00496, 2019 U.S. Dist. LEXIS 95505, at *2 (E.D. Tex. Feb. 6, 2019) ("A civil

---

interpreted as taking their ordinary, contemporary, common meaning. Dictionaries of the English language provide the ordinary meaning of words used in statutes."). Black's Law Dictionary defines "purpose" as "[an] objective, goal, or end". Black's Law Dictionary 1493 (11th ed. 2019). Likewise, the Merriam-Webster Online Dictionary defines "purpose" as "something set up as an object or end to be attained: intention". *Available at* https://www.merriam-webster.com/dictionary/purpose?src=search-dict-box (last accessed Feb. 26, 2021).

[13] To hold otherwise would subject defendants (including Vertafore) to strict liability under the statute, a reading of the DPPA that this Court should reject, as have other courts. *See Gordon v. Softech Int'l, Inc.*, 726 F.3d 42, 50 (2d Cir. 2013); *Roth v. Guzman*, 650 F.3d 603, 611 (6th Cir. 2011) (rejecting plaintiff's interpretation of the DPPA, as if adopted the DPPA would become "essentially a strict liability statute."), *abrogated by statute on other grounds* Ohio Admin. Code 4501:1-12-02 (2015). Plaintiffs' position, if adopted by this Court, would have a chilling effect on the uses of personal information protected under the DPPA, contrary to Congresses' intent. *See id.*

- 16 -

action under the DPPA must show that the defendant 'obtain[ed], disclos[ed] or us[ed]
personal information, from a motor vehicle record, ***for a purpose not permitted under this
chapter***.'") (emphasis in original) (citations omitted).

Plaintiffs' attempt to distinguish *Enslin v. Coca-Cola Co.*, 136 F. Supp. 3d 654 (E.D.
Pa. 2015) is unavailing.   The *Enslin* Court held that the Coke Defendants' storage of
Enslin's driver's information <u>on an unsecured laptop</u> was not a knowing disclosure as
required for a violation of the DPPA.   *Enslin*, 136 F. Supp. 3d at 671.   The same result
should apply here, as the facts are analogous to the circumstances Plaintiffs describe in
their Complaint; except here it is "unsecured external servers," rather than an unsecured
laptop.   Compl. ¶¶1, 12; *see also Kiminski*, 2013 U.S. Dist. LEXIS 157829 at *21 (<u>rejecting</u>
argument that defendants' failure to implement adequate data monitoring and security
procedures stated a viable DPPA claim).[14]   As noted in the Motion (and not disputed in the
Opposition), the limited private action provision of the DPPA does <u>not</u> regulate the manner
in which driver's license information is stored or maintained.   *See* Mot. at 6, fn 3.

In sum, because Plaintiffs do not (and cannot) allege that Vertafore <u>knowingly</u> used,
disclosed or obtained their personal information <u>for a purpose not permitted</u> under the
DPPA, their DPPA claim fails as a matter of law, and should be dismissed.   *See Taylor*,
612 F.3d at 335.

---

[14] *See also Muskovich v. Crowell*, No. 95-CV-20007, 1996 U.S. Dist. LEXIS 22634, at
*10-14 (S.D. Iowa Aug. 30, 1996) (defendant's employee obtaining customer's private
phone number from records did not violate the Electronic Communications Privacy Act
because defendant's failure to implement adequate security procedures was not a knowing
divulgement of the customer's information).

- 17 -

## IV. CONCLUSION.

For all of the above reasons, and in the interests of justice, Vertafore respectfully requests that the Court dismiss Plaintiffs' Complaint.  Also, because amendment of the Complaint would be futile (and because amendment was expressly declined by Plaintiffs' counsel at the pre-motion conference with Magistrate Judge Edison on January 21, 2021), the Complaint should be dismissed with prejudice.

DATED and FILED March 5, 2021.

010-9180-2296/2/AMERICAS

Respectfully submitted,

/s/ Damond R. Mace

Damond R. Mace, Attorney-In-Charge
(admitted *pro hac vice*)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio  44114
Tel.:  +1 216 479 8500
Fax:  +1 216 479 8780
damond.mace@squirepb.com

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Rafael M. Langer-Osuna
(admitted *pro hac vice*)
275 Battery Street, Suite 2600
San Francisco, California  94111
Tel.: +1 415 954 0200
Fax: +1 415 393 9887
rafael.langerosuna@squirepb.com

Amanda Dodds Price
Texas State Bar No. 24060935
S.D. No. 1155447
6200 Chase Tower 600 Travis Street
Houston, Texas 77002
Tel.:  +1 713 546 5850
Fax:  +1 713 546 5830
amanda.price@squirepb.com

Kristin L. Bryan (admitted *pro hac vice*)
Marissa Black (admitted *pro hac vice*)
4900 Key Tower, 127 Public Square
Cleveland, Ohio  44114
Tel.:  +1 216 479 8500
Fax:  +1 216 479 8780
kristin.bryan@squirepb.com
marissa.black@squirepb.com

ATTORNEYS FOR DEFENDANT
VERTAFORE, INC.

- 19 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notifications of such filing to all counsel of record.

*/s/ Damond R. Mace*
Damond R. Mace

- 20 -